**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| WILTON DUEÑO; MARÍA CÓRDOVA<br><br>Plaintiffs<br><br>v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF INTERIOR<br><br>Defendants | CASE NO.  23-1216<br><br>FEDERAL TORT CLAIMS ACT<br>28 U.S.C.A. §§ 2 ET SEQ.<br><br>PERSONAL DAMAGES AND BODILY INJURY |

**COMPLAINT**

**COME NOW** Plaintiffs, through the undersigning attorney, and respectfully **ALLEGES** and **STATES** as follows:

### I.  JURISDICTION AND VENUE

1. This is a matter involving the Federal Tort Claims Act pursuant to 28 U.S.C.A. §§ 2 et seq., brought by the plaintiff against the United States of America. This Court has jurisdiction pursuant to 28 U.S.C.A. § 1346(b).

2. Venue is proper in the Federal District Court for the District of Puerto Rico since the actions upon which this Complaint is based occurred in the Municipality of San Juan, Puerto Rico.

### II.  PARTIES

3. At the time of filing of the instant *Complaint*, Plaintiff Wilton Dueño was a resident of Paseo Azaleo 2037, 2nd Section, Levittown, Toa Baja, PR 00949. Telephone (787) 208-1698.

4. At the time of filing of the instant *Complaint*, Plaintiff María Córdova was a resident of Bo. Quebrada Cruz, Parcel 146, Toa Alta, PR 00953. Telephone (787) 470-0298.

5. At all times material to the instant case, Defendant United States of America, acting through the US Department of the Interior, National Park Service, was the owners, administrators, proprietors and/or had controlled of the Castillo San Felipe del Morro.

## IV. FACTUAL BACKGROUND

1. On the night of September 21, 2020, Plaintiffs were walking around the green areas surrounding the Castillo San Felipe del Morro and within the walls.

2. While walking through said green area, both plaintiffs tripped with a structural component of the historic site and fell into a void of an approximate height of 50 feet.

3. The structural component with which plaintiffs tripped functions as the upper border of walls of Cementery Street, which leads to the Santa María Magdalena de Pazzi Cementery.

4. As a result of the aforesaid, plaintiffs suffered severe body traumas and extensive medical treatment.

## V.    DAMAGES

5. As a direct result of the events described above, plaintiff Dueño suffered physical damages valued in a sum not lower than $300,000.00.

6. As a direct result of the physical damages mentioned above and the medical treatment received for said physical damages, plaintiff Dueño suffered and continues to suffer emotional damages valued in a sum not lower than $50,000.00.

7. As a direct result of the events described above, plaintiff Dueño developed a permanent physical impairment.  Said damage is valued in a sum not lower than $25,000.00.

8. As a direct result of the events described above, plaintiff Córdova suffered physical damages valued in a sum not lower than $150,000.00.

9. As a direct result of the physical damages mentioned above and the medical treatment received for said physical damages, plaintiff Córdova suffered and continues to suffer emotional damages valued in a sum not lower than $25,000.00.

10. As a direct result of the events described above, plaintiff Córdova developed a permanent physical impairment. Said damage is valued in a sum not lower than $25,000.00.

## VI.   NEGLIGENCE

11. Defendant is directly and/or indirectly responsible for the damages experienced by plaintiffs as a result of the accident previously described, inasmuch defendant created and/or allowed for the creation of a dangerous condition that caused plaintiffs' accident; defendant failed to remedy the dangerous condition that caused plaintiffs' accident; failed to alert the public of the dangerous condition that caused plaintiffs' accident; failed to implement preventive measures; and/or failed to implement effective measures to avoid the occurrence of an accident as the one plaintiffs suffered; defendant failed to provide adequate illumination; defendant failed to implement structural barriers to avoid the occurrence of accidents as the one that plaintiffs experienced.

## VI.   RELIEF SOUGHT

12. As a direct and proximate result of the negligent acts and/or omissions of defendants and given the resulting damages, plaintiffs request judgment for a sum not lower than $575,000.00, plus interest, cost, and attorney's fees.

**WHEREFORE**, plaintiffs requests judgment against defendants in excess of $575,000.00. plaintiff is found to be entitled, together with interest, costs, and attorney's fees.

Respectfully submitted,

Dated, May 3, 2023.

**ANTONIO L. IGUINA GONZÁLEZ**
PO Box 361058
San Juan, Puerto Rico 00936–1058
Tel.	(787) 464–7373
Fax	(787) 288–5300
Email	antonioiguina@gmail.com


**S / ANTONIO L. IGUINA GONZÁLEZ**

**ANTONIO L. IGUINA GONZÁLEZ, ESQ.**
USDC No.: 224605